J-E01004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEVIN M. GARY-RAVENELL | : | |
| | : | |
| | : | |
| Appellant | : | No. 2551 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 16, 2018
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s):  CP-46-CR-0001260-2018

BEFORE:  PANELLA, P.J., STABILE, J., DUBOW, J., KUNSELMAN, J., NICHOLS, J., MURRAY, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED OCTOBER 23, 2020**

Kevin M. Gary-Ravenell (Appellant) appeals from the judgment of sentence[1] entered in the Montgomery County Court of Common Pleas, following his negotiated guilty plea to possession of a controlled substance and possession of drug paraphernalia.[2]  Appellant avers, for the first time on appeal, his sentence is illegal because the trial court imposed a fine and costs

---

[1] On September 24, 2019, a three-judge merits panel issued an opinion in this appeal, vacating the judgment of sentence and remanding for further proceedings.  Subsequently, this Court *sua sponte* granted *en banc* review of the issues raised by Appellant.  The American Civil Liberties Union of Pennsylvania (ACLU) and Community Legal Services (CLS) have each filed an *amicus curiae* brief.

[2] 35 P.S. § 780-113(a)(16), (32).

without first considering his ability to pay.[3]  We discern the challenge to his fines and costs as two separate claims.  We first reiterate the long-standing principles that: (1) a **fine** is a part of a sentence; and (2) a claim that the court lacked authority to impose a fine goes to the legality of sentence and cannot be waived.  We thus reach the merits of Appellant's argument as to his fine, grant relief, and vacate the entire judgment of sentence pursuant to **Commonwealth v. Ford**, 217 A.3d 824 (Pa. 2019).  Because we vacate the judgment, we do not reach the question of whether a claim that a trial court failed to consider a defendant's ability to pay **costs** likewise implicates the legality of sentence.

## I.  Facts & Procedural History

The trial court summarized the underlying facts in its opinion as follows. On December 1, 2017 a Lower Moreland Township Police Officer observed Appellant operating a vehicle with a suspended New Jersey registration on Welsh Road in Montgomery County.  The officer conducted a traffic stop. Appellant consented to a search of his vehicle,[4] where the officer discovered a marijuana "blunt," several pills of oxycodone, and drug paraphernalia.

---

[3] Also pending on review before this Court is an appeal in **Commonwealth v. Lopez**, 1313 EDA 2018.  The issue presented in that case is whether the trial court had authority, at the time of sentencing, to consider the defendant's motion to waive court costs.  Unlike Appellant in this matter, the defendant in **Lopez** challenged the imposition of costs before the trial court.

[4] **See** Police Criminal Complaint, Affidavit of Probable Cause, 1/19/18 (officer averring that Appellant orally consented to search of his vehicle).

Appellant was charged with, *inter alia*, drug possession and Motor Vehicle Code[5] offenses.

On August 16, 2018, Appellant entered a negotiated guilty plea to one count each of possession of a controlled substance and possession of drug paraphernalia. At the hearing, the Commonwealth informed the trial court:

> . . . We have negotiated pleas for the Court's consideration. [Appellant] would plead guilty to Count 1, Possession of a Controlled Substance; that is an ungraded misdemeanor. In exchange for that plea, he would be placed on probation for a period of one year, and **pay a $50 fine plus the costs of prosecution**.
>
> He's also pleading guilty to Count 3, Possession of Drug Paraphernalia, an ungraded misdemeanor. In exchange for that plea, he would be placed on a one-year concurrent probation, **pay the costs of prosecution**, and undergo a PPI [sic] and comply with any recommended treatment.

N.T. Guilty Plea H'rg, 8/16/18, at 2 (emphases added). Appellant's counsel agreed that this plea deal was the parties' agreement. ***Id.***

The trial court then imposed, pursuant to the plea agreement two terms of one year probation to run concurrently. With respect to fines and costs, the court stated: "[Appellant will] pay the **costs** on Count 1, and a **$50 fine** in monthly installments as directed during the period of his supervision. Costs are waived on Count 3." N.T., Guilty Plea H'rg, at 12 (emphases added). Appellant made no request that the court consider his ability to pay fines and costs. We note, however, that the amount of the costs was neither stated on

---

[5] ***See*** 75 Pa.C.S. §§ 101-9805.

the record at the hearing nor in the written sentencing order, and according to Appellant, he did not learn until after the plea and sentencing hearing that his costs were $1,329.50 — more than 26 times the $50 fine. ***See*** Sentencing Guideline Form, 9/12/18; Appellant's Concise Statement of Matters Complained of on Appeal, 9/26/18, at 1-2.

Appellant did not file a post-sentence motion, but on August 29, 2018, filed a timely notice of appeal. The court granted him permission to proceed *in forma pauperis* that same day. Pursuant to the trial court's order, Appellant also filed a timely Pa.R.A.P. 1925(b) statement on September 26, 2018, which stated:[6]

> **Appellant's guilty plea was not knowing, intelligent, and voluntary.** Following an open plea to one count of Possession of a Controlled Substance and one count of Possession of Drug Paraphernalia, Petitioner was sentenced to one (1) year of county probation, a $50.00 fine, and costs. [Appellant] subsequently received notice that the assessed costs amounted to $1,329.50. He also subsequently learned that his driver's license was suspended as a result of the conviction. **Appellant did not understand at the time of the plea that he would be fined [sic] over $1,300** for possession of marijuana and empty containers **or that he would lose his ability to drive**. Appellant's plea discussed a $50 fine and "costs" but costs were not specified. Appellant was not aware of the permissible range of fines.

---

[6] Appellant's Rule 1925(b) statement also raised a claim that his guilty plea should not have been "accepted because he asserted facts that might constitute a defense" — namely that he had a prescription for the controlled substance and that "the containers at issue [were] 'trash.'" Appellant's Concise Statement of Matters Complained of on Appeal at 2. On appeal, however, he has abandoned this issue.

Appellant's Concise Statement of Matters Complained of on Appeal at 1-2 (emphases added).

The trial court filed an opinion: (1) construing Appellant's issue to be a challenge to the voluntariness of his guilty plea; and (2) suggesting it was waived because it was not presented in the proceedings below, but instead raised for the first time in his Rule 1925(b) statement. Trial Ct. Op., 1/24/19, at 7-8 & n.5, *citing* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468-69 (Pa. Super. 2017) ("In order to preserve an issue related to a guilty plea, an appellant must either 'object[ ] at the sentence colloquy or . . . raise[ ] the issue at the sentencing hearing or through a post-sentence motion.' . . . 'It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.'").

## II.  Parties' & *Amici's* Arguments

On appeal, however, Appellant has abandoned a claim regarding the voluntariness of his guilty plea, and instead frames his fines-and-costs-argument solely as a challenge to his sentence.  He presents the question:

> Did the sentencing court err in imposing a fine and costs at sentencing without making a determination regarding [Appellant's] ability to pay?

Appellant's Substituted Brief, 10/25/19, at vii.  Appellant relies on Pa.R.Crim.P. 706(C), which states:

The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

*See* Pa.R.Crim.P. 706(C). Appellant notes Subsections (B) and (D) of Rule 706 specifically address proceedings for a defendant's default in paying already-imposed fines and costs.[7] However, he contends Subsection (C) "is a stand-alone provision" whose requirement — that a court consider a

_____

[7] Subsections (B) and (D) provide:

    (B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.

*　*　*

    (D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule **when the defendant is in default of a payment or when the defendant advises the court that such default is imminent**. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706(B), (D) (emphasis added).

defendant's ability to pay — applies to the initial imposition of a fine and costs, and not only to a default in payment. Appellant's Brief at 11-13 & n.9. Appellant also relies on this Court's *en banc* decision in **Commonwealth v. Martin**, 335 A.2d 424 (Pa. Super. 1975) (*en banc*), which held the imposition of a **fine**, without considering the defendant's ability to pay, violated Pa.R.Crim.P. 1407(C) (now Rule 706(C)). **See Martin**, 335 A.2d at 425-26.

Appellant further contends the imposition of fines and costs on indigent defendants, without considering their ability to pay, disregards legislative intent and "perpetuates cycles of poverty, recidivism, and the over-criminalization of poor communities." Appellant's Substituted Brief at 6. Thus, Appellant argues, the trial court erred when it imposed a fine and costs without considering his ability to pay, and his case should be remanded for resentencing. **Id.** at 25.

The Commonwealth agrees with Appellant that because there was no evidence of his ability to pay a **fine**, his fine should be vacated. Commonwealth's Brief at 4, *citing* **Ford**, 217 A.3d at 831 (defendant "received an illegal sentence when the trial court imposed non-mandatory fines without any evidence [he] was (or would be) able to pay them," regardless of the fact that fine was a part of negotiated guilty plea). However, the Commonwealth contends neither Rule 706(C) nor **Martin** require a presentence inquiry of a defendant's ability to pay **costs**. Commonwealth's Brief at 6.

In support of Appellant, the ACLU's and CLS' *amici curiae* briefs likewise aver that Rule 706(C) requires a trial court to consider, before imposing fines and costs, the defendant's ability to pay. ACLU *Amicus* Brief at 4-5; CLS' *Amicus* Brief at 7. Both organizations also address public policy. The ACLU contends: "Court costs, unlike fines, are not supposed to 'punish' the defendant. But when a defendant is unable to pay the costs and is [thus] jailed, or has his driver's license taken away . . . or cannot receive life-saving public assistance such as food stamps . . . court costs **become** a punishment." ACLU's *Amicus* Brief at 1. CLS contends a court's failure to assess ability to pay negatively affects low income individuals by "entrapping them in poverty and placing them at risk of further criminal system contact," and that "[i]ndividuals are more likely to satisfy their court financial obligations when the fines and costs . . . are reasonably tailored to their financial means." ***Id.*** at 7, 20.

### III. Appellate Sentencing Claims & Waiver Generally

We reiterate that Appellant presented no claim, at the plea and sentencing hearing or in any post-sentence motion, that the trial court failed to consider his ability to pay fine and costs. As the trial court noted, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." ***See*** Pa.R.A.P. 302(a); Trial Ct. Op. at 7. On appeal, however, Appellant contends, in sum in a footnote:

> The sentencing court's imposition of fines **and** costs at sentencing implicates the legality of the sentence and cannot be waived. ***See***

> ***Commonwealth v. Lehman***, [201 A.3d 1279 (Pa. Super. 2019), *appeal granted*, 215 A.3d 967 (Pa. 2019)]; ***Commonwealth v. Boyd***, 73 A.3d 1269, 1272 (Pa. Super. 2013) (*en banc*) . . . ; ***Commonwealth v. Garzone***, 993 A.2d 306, 315-16 ([Pa. Super.] 2010)], *aff'd*, 34 A.3d 67 ([Pa.] 2012).

Appellant's Substituted Brief at 9-10 n.6 (emphasis added).  Appellant refers to fines and costs collectively and argues "there is 'no basis in logic or law' to distinguish between the ability to pay fines and costs when determining whether a defendant is able to pay."[8]  ***Id.*** at 15, *citing* ***Commonwealth ex rel. Parrish v. Cliff***, 304 A.2d 158, 162 (Pa. Super. 1978).

"[I]n all sentencing cases, we must determine at the outset whether the appellant's issue concerns a discretionary aspect of sentence or the legality of his sentence," as they are treated differently on appeal.  ***Commonwealth v. Smith***, 544 A.2d 991, 994 (Pa. Super. 1988) (*en banc*).  "[A] challenge to the legality of a sentence may be appealed as of right" and "can never be waived."  ***Id.***, *citing*, *inter alia*, 42 Pa.C.S. § 9781(a) ("The defendant or the Commonwealth may appeal as of right the legality of the sentence.").  "A legality issue is essentially a claim that the trial court did not have jurisdiction to impose the sentence which it handed down."  ***Smith***, 544 A.2d at 994.

---

[8] We further note that in his Pa.R.A.P. 1925(b) statement, Appellant conflates fines and costs.  The statement avers that: he "was sentenced to . . . a $50.00 **fine,**" he "subsequently received notice that the assessed **costs** amounted to $1,329.50," yet he "was not aware of the permissible range of **fines**" and he "did not understand at the time of the plea that he would be **fined** over $1,300[.]"  Appellant's Concise Statement of Matters Complained of on Appeal at 1-2 (emphases added).

On the other hand, "[a] challenge to a discretionary aspect of sentence may be waived if it is not properly raised in the trial court and in the appellant's brief to this court." **Smith**, 544 A.2d at 994, *citing*, *inter alia*, 42 Pa.C.S. § 9781(b) ("The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence[, which] may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.").

### IV.  Appellate Treatment of Fines

Subsection 9721(a) of the Pennsylvania Sentencing Code[9] provides:

**(a) General rule.—**In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

* * *

42 Pa.C.S. § 9721(a)(1)-(5).  Notably, "costs" are not included.  Furthermore, this list is not preceded by the expressions "including" or "including but not

---

[9] 42 Pa.C.S. §§ 9701-9913.

limited to," which are generally "considered as words of enlargement and not limitation." ***See Dep't of Envtl. Prot. v. Cumberland Coal Res., LP***, 102 A.2d 962, 976 (Pa. 2014).

Costs, meanwhile, are addressed separately in Subsection (c.1):

> **Mandatory payment of costs**.—Notwithstanding the provisions of section 9728[10] (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, **in addition to the alternatives set forth in subsection (a), the court shall order the defendant to pay costs**. In the event the court fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the defendant under this section. **No court order shall be necessary for the defendant to incur liability for costs under this section.** The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. 706(c) (relating to fines or costs).

42 Pa.C.S. § 9721(c.1) (emphases added).

Section 9726, "Fine," of the Sentencing Code states:

> **(a) Fine only.—**The court may, as authorized by law, sentence the defendant only to pay a fine, when, having regard to the nature and circumstances of the crime and to the history and character of the defendant, it is of the opinion that the fine alone suffices.

---

[10] Section 9728(b.2) provides:

> **Mandatory payment of costs.—**Notwithstanding any provision of law to the contrary, in the event the court fails to issue an order under subsection (a) imposing costs upon the defendant, **the defendant shall nevertheless be liable for costs**, as provided in section 9721(c.1), **unless the court determines otherwise pursuant to Pa.R.Crim.P. No. 706(c)** (relating to fines or costs). The absence of a court order shall not affect the applicability of the provisions of this section.

42 Pa.C.S. § 9728(b.2) (emphases added).

**(b) Fine as additional sentence.**–The court may sentence the defendant to pay a fine in addition to another sentence, either involving total or partial confinement or probation, when:

(1) the defendant has derived a pecuniary gain from the crime; or

(2) the court is of the opinion that a fine is specially adapted to deterrence of the crime involved or to the correction of the defendant.

**(c) Exception.–The court shall not sentence a defendant to pay a fine unless it appears of record that**:

(1) **the defendant is or will be able to pay the fine**; and

(2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.

42 Pa.C.S. § 9726(a)-(c) (emphases added).

In the 2012 *en banc* decision in **Boyd**, this Court considered

the explicit language of the mandate contained in section 9726: "The court shall not sentence a defendant to pay a fine unless it appears of record that . . . " the defendant has the financial means to pay the fine and that the fine will not interfere with payment of restitution to a victim. 42 [Pa.C.S.] § 9726(c)(1).

**Boyd**, 73 A.3d at 1273. The **Boyd** Court concluded that a claim — "that there

was no record of the defendant's ability to pay before the sentencing court" —

is a challenge to the legality of a sentence:

[A]n argument that there was no evidence of the defendant's ability to pay constitutes a claim that the fine was imposed in direct contravention of a statute. Furthermore, a complete lack of evidence in the record would be apparent from the face of the record and would not require the application of reasoning or discretion on the part of the appellate court. Accordingly, we conclude . . . that a claim raising the complete absence of evidence

- 12 -

of the defendant's ability to pay is not subject to waiver for a failure to preserve the issue in the first instance.

**Boyd**, 73 A.3d at 1273–74.

In the 2019 Pennsylvania Supreme Court decision in **Ford**, the defendant pleaded guilty pursuant to a negotiated plea agreement under which he agreed to, and was ordered by the court to, pay four fines totaling $2,700. **Ford,** 217 A.3d at 826. One fine was mandatory, while the remaining three fines were imposed at the court's discretion.[11] **Id.** at 827-28. He did not file a post-sentence motion nor direct appeal, but filed a Post Conviction Relief Act[12] (PCRA) petition, arguing "that his sentence is illegal because the trial court 'did not conduct a hearing or find facts related to [his] ability to pay the fines and costs[.]'" **Id.** at 826.

On review, our Supreme Court reasoned the plain language of Subsection 9726(c) "is clear: trial courts are without authority to impose non-mandatory fines absent record evidence that the defendant is or will be able to pay them." **Ford**, 217 A.3d at 829. The Court thus concluded the defendant "received an illegal sentence when the trial court imposed non-

---

[11] The mandatory fine was imposed pursuant to 75 Pa.C.S. § 3804(c)(2)(ii), for a second offense of driving under influence of alcohol or controlled substance. **Ford,** 217 A.3d at 827. A second offense also carried a mandatory fine, but the trial court imposed an amount "substantially" more than the mandatory minimum amount. **Id.** at 828.

[12] 42 Pa.C.S. §§ 9541-9546.

mandatory fines without any evidence [the defendant] was (or would be) able to pay them." *Id.* at 831. In so holding, the Court rejected

> the Commonwealth's argument that a defendant's agreement to pay a given fine is evidence of his ability to pay for purposes of Subsection 9726(c). [The Court reasoned:] The mere fact that a person agrees, as part of a *quid pro quo* arrangement, to pay a specific sum does not necessarily mean that he or she can (or even will be able to) make good on that promise. This is especially true in the plea-bargaining context, where it is fair to say that the primary concern of most defendants is the length of their incarceration rather than the sum of their fines. Put differently, when the Commonwealth extends a plea offer that includes a short prison sentence and an exorbitant fine, a rational defendant might — either out of shortsightedness or naïve optimism — gladly accept the offer even though he or she has no realistic strategy to satisfy the debt. For this reason alone, we are unpersuaded that [the defendant's] guilty plea agreement represents the sort of ability-to-pay evidence that the Sentencing Code unambiguously requires.

*Id.* at 829.

In light of the foregoing discussion, we conclude an allegation that the trial court failed to consider a defendant's ability to pay before imposing a fine is a challenge to the legality of his sentence, and is not subject to waiver.

### V.  Disposition of Appellant's Fine Claim

Applying the above discussion, we conclude Appellant is entitled to relief as to his fine. His claim, that the trial court lacked authority to impose the $50 fine because it did not consider his ability to pay, implicates the legality of his sentence. **See Ford**, 217 A.3d at 831; **Boyd**, 73 A.3d at 1273-74. Accordingly, although Appellant did not raise it before the trial court, it is not waived. **See id.** We thus consider the merits.

We note the relevant standard of review:

> The scope and standard of review applied to determine the legality of a sentence are well established.  If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.  An illegal sentence must be vacated.  In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

***Commonwealth v. Dixon***, 161 A.3d 949, 951 (Pa. Super. 2017) (citation omitted).

Our review of the record supports Appellant's claim that the trial court did not consider his ability to pay before imposing a fine.  ***See*** 42 Pa.C.S. § 9726(c); ***Ford***, 217 A.3d at 829.  Appellant's agreement to pay a $50 fine, as a part of the parties' negotiated plea deal, is not relevant.  ***See Ford***, 217 A.3d at 829; N.T., Guilty Plea H'rg, at 2.  Accordingly, we conclude the fine was an illegal sentence, and thus vacate it.  ***See Ford***, 217 A.3d at 831.

We now examine the disposition in ***Ford***.  The Supreme Court vacated the defendant's non-mandatory fines, but affirmed his mandatory fine.  ***Ford***, 217 A.3d at 831.  Nevertheless, the Court reasoned:

> [The Superior Court] panel **should have vacated [the defendant's] entire judgment of sentence rather than simply vacating the illegal fines and remanding for resentencing**.  Indeed, the Commonwealth persuasively argues that it will be deprived of the benefit of its bargain if criminal defendants can, for instance, agree to pay a larger fine in exchange for a shorter term of incarceration, but then later attempt to eliminate or reduce the fine in a post-conviction proceeding.  ***See*** Brief for Commonwealth at 10.  Because selectively vacating specific conditions of a plea agreement threatens to upset the parties' underlying bargain, the better

> remedy is to put both sides right back where they started, at which point they can begin plea negotiations anew or proceed to trial.
>
> In summary, the Superior Court correctly held that Subsection 9726(c) of the Sentencing Code requires record evidence of a defendant's ability to pay a fine even in the negotiated guilty plea context. Because no such evidence exists in the record before us, the trial court imposed an illegal sentence, which we vacate in its entirety. . . .

*Id.* (emphasis added).

We apply the same rationale here. The parties' negotiated plea deal included a $50 fine, which we hereby vacate. *See* N.T., Guilty Plea H'rg, at 2. As this disposition may disrupt the parties' underlying bargain, we vacate the entire judgment of sentence and remand so that the parties "can begin plea negotiations anew or proceed to trial." *See Ford*, 217 A.3d at 831.

## VI. Disposition of Appellant's Costs Claim

We briefly consider Appellant's claim that his challenge to **costs** likewise implicates the legality of sentencing and thus cannot be waived. In reviewing this issue, we discern divergent lines of Superior Court authority. As stated above, Appellant cites as support *Lehman*, 201 A.3d 1279, and *Garzone*, 993 A.2d 306. *See Lehman*, 201 A.3d at 1283 ("Because [the defendant] challenges the trial court's authority to impose costs as part of its resentencing order, we conclude that the [defendant's] claim implicates the legality of his sentence and, thus, he was not required to include a [Pa.R.A.P. 2119(f) statement] in his brief or to raise the issue before the trial court."); *Garzone*, 993 A.2d at 316 ("[I]nasmuch as [the defendant's] argument is premised

upon a claim that the trial court did not have the authority to impose the costs at issue, [the defendant] has presented a legality of sentencing claim."), *citing, inter alia, **Commonwealth v. Allshouse***, 924 A.2d 1215, 1229 n.28 (Pa. Super. 2007) ("Like a challenge based on the contention an award of restitution is unsupported by the record is a challenge to the legality of the sentence, we analogously conclude this rationale can be applied to the imposition of costs."), *affirmed on other grounds*, 985 A.2d 847 (Pa. 2009), *vacated and remanded on other grounds*, **Allshouse v. Pennsylvania**, 131 S. Ct. 1597 (2011).[13]

We note, however, several decisions that hold costs are not part of a sentence. **See Commonwealth v. Mulkin**, 228 A.3d 913, 919 (Pa. Super. 2020) ("[U]nlike fines, which are [a] part of a defendant's sentence, 42 [Pa.C.S.] § 9726(a), (b)(1)-(2), 'a direction to pay costs in a criminal proceeding is not part of the sentence, but is an incident of the judgment. Costs do not form a part of the penalty imposed by the statutes providing for

---

[13] We note that in **Allshouse**, the defendant "contend[ed] the trial court erred in awarding the costs to the Commonwealth pursuant to 16 P.S. § 1403, Expenses incurred by district attorney, because no evidence was introduced demonstrating how these costs were calculated or for what they were incurred." **Allshouse**, 924 A.2d at 1229. **See** 16 P.S. § 1403 ("In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant."). As we discuss **infra**, the Pennsylvania Supreme Court has granted allowance of appeal in **Lehman** on the imposition of costs under this statute. **See Lehman**, 215 A.3d at 967.

the punishment of criminal offenses[.]'"), *citing*, *inter alia*, **Commonwealth v. Soudani**, 165 A.2d 709, 711 (Pa. Super. 1960) ("[A] direction to pay costs in a criminal proceeding is not part of the sentence, but is an incident of the judgment[.]").[14]

Accordingly, to resolve Appellant's claim as to whether a trial court's authority to impose costs implicates the legality of sentence, we would necessarily overrule one line of authority in favor of the other. After careful review, we decline to do so in this appeal, where, as stated above, we vacate Appellant's costs as an incidental result of granting relief on an unrelated issue — his fine. We are also informed by the fact that the Pennsylvania Supreme Court has granted review in **Lehman** on the following issue:

> Whether the Pennsylvania Superior Court erred as a matter of law by holding that the costs relating to contested expert testimony in a contested resentencing do not constitute costs of prosecution under 16 P.S. § 1403[ ] and **are ineligible for imposition upon a defendant reimbursement as part of a sentence as a matter of law rather than the sentencing court's discretion**[?]

**Lehman**, 215 A.3d at 967 (emphasis added). While this issue concerns Section 1403 of the Pennsylvania County Code,[15] which is not present in the case *sub judice*, the issue also includes a claim that costs were imposed pursuant to the court's discretion. ***Id.*** We also note the plain language of

---

[14] We note **Soudani** predates our Sentencing Code, which was enacted in 1974 and made effective in 1975.

[15] 16 P.S. §§ 101 to 3000.3903.

Section 1403, referring to a defendant being "sentenced to pay the costs of prosecution," which may undermine an argument that costs are not a part of a sentence. *See* 16 P.S. § 1403.

## VII. Conclusion

In sum, we hold Appellant's claim that the trial court imposed an illegal sentence by failing to inquire into his ability to pay **fines** is not waived, and merits relief. Pursuant to *Ford*, because Appellant's fine was a part of his negotiated plea agreement, we vacate the entire judgment of sentence and remand so that the parties "can begin plea negotiations anew or proceed to trial." *See Ford*, 217 A.3d at 831. Because of this disposition, we do not reach Appellant's claim as to whether the court's failure to consider his ability to pay **costs** likewise implicates the legality of sentence.[16]

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

President Judge Panella, and Judges Stabile, Dubow, Kunselman, Murray, McLaughlin, and King join the Memorandum.

Judge Nichols concurs in result.

---

[16] We do not reach the question of whether Pa.R.Crim.P. 706(C) requires a trial court to consider a defendant's ability to pay before imposing costs.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/23/20