Commonwealth *v.* Martin, Appellant.

Argued December 3, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Stephen R. LaHoda,* First Assistant Public Defender, for appellant.

*Stephen B. Harris,* First Assistant District Attorney, with him *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 31, 1975:

The sole meritorious issue raised in this appeal is that the lower court imposed an illegal fine upon the appellant.

On November 12, 1973, the President Judge of the Court of Common Pleas of Bucks County granted the appellant's application for the assignment of counsel pursuant to §9960.6 of the Public Defender Act.[1] Two attorneys from the Bucks County Public Defender Association were appointed to represent appellant in a prosecution for murder and related charges arising from the shooting death of appellant's common law wife on August 16, 1973. Appointment was predicated on the court's finding of appellant's indigency as required by the Act.

On June 11, 1974, a jury found appellant guilty of involuntary manslaughter. On August 2, 1974, the defendant was sentenced to a term of two and one-half to five years' imprisonment. In addition, appellant was ordered to pay the costs of prosecution and a fine of $5,000.00. When the trial judge pronounced sentence, he stated that the fine "represents the minimal fee that [the appellant] may have paid to private counsel for the able representation that he received in this case." An appeal

---

1. Act of December 2, 1968, P.L. 1144, No. 358, §1; 16 P.S. §9960.1 et seq.

from the judgment of sentence was filed on August 19, 1974.

The Commonwealth cites the black letter principle of law that an appellate court will not review the sentence in a criminal case unless it exceeds the statutorily prescribed limits or is so manifestly excessive as to constitute too severe a punishment. See *Commonwealth v. Wrona*, 442 Pa. 201, 275 A. 2d 78 (1971).; *Commonwealth v. Bilinski*, 190 Pa. Superior Ct. 401, 154 A. 2d 322 (1959). But cf., *Commonwealth v. Riggins*, 232 Pa. Superior Ct. 32, 332 A. 2d 521 (1974) ; (see separate dissenting opinions of HOFFMAN, CERCONE, SPAETH, JJ.). Under §2504 of the Crimes Code,[2] supra, involuntary manslaughter is a misdemeanor of the first degree, punishable under §1101 by a fine not exceeding $10,000.00.

In order to impose a fine, a sentencing judge must consider provisions of the Pennsylvania Rules of Criminal Procedure. Rule 1407 (c) provides: "The court, in determining the amount and method of payment of a fine or costs shall, insofar as it is just and practicable, consider the burden upon the defendant by reason of his financial means, including his ability to make restitution or reparations." Cf. Comment IV to Rule 1405: "In considering whether to impose a fine in addition to another sentence, either involving imprisonment or probation, it would be appropriate for the sentencing judge to accord weight to the following factors: (1) whether the defendant has derived a pecuniary gain from the crime; or (2) whether the sentencing judge is of the opinion that a fine is specially adapted to deterrence of the crime involved or to the correction of the sentence."

In the instant case, the court knew that appellant had been declared an indigent. Arguably, sentencing an indigent to pay a $5,000.00 fine is per se so manifestly excessive as to constitute too severe a punishment.

---

2. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 et seq.; 18 Pa. C.S. §101 et seq.

That question of law need not be decided in order to hold appellant's fine an illegal sentence. In its opinion, the court below made clear its reason for imposing the fine: "On the subject of the imposition of a fine upon one who is represented by a public defender, the Trial Judge believes that fact in and of itself is of no consequence. It is so well known among the members of the trial bench that gross misuse of the public defender's services is so prevalent as to be the rule rather than the exception. . . . A pro forma finding of 'indigency' without the benefit of investigation into a defendant's financial position is meaningless in many cases, such as here, for example, where the defendant was employed as a foreman in the construction industry which is notable in the Philadelphia area for its high pay scale." Simply stated, the court ignored the November 12 finding by the President Judge that the appellant was indigent. The court did not consider any further information to determine whether that finding was erroneous—that is, he did not comply with provisions of Rule 1407.[3]

---

3. The appellant's application for appointment of counsel listed the following assets: "a. Do you have any money? If so, how much? (1) On the person. none. (2) In custody of the Warden, about $8.00 (3) In the bank. $350.00 (4) At home. none. (5) Elsewhere. none. b. Do you own an automobile? Yes. Purchased a 1964 Ford Sedan in June, 1973, for $200.00. c. Do you own any real estate? no. d. Do you own any other property or do you have any other assets? nominal e. Does anyone owe you money? no . . . i. Where did you work last? Altemose Construction Company . . . k. What salary or wages were you receiving? Between $250.00 to $300.00 per week . . . 4. I am presently in jail and unable to obtain bail." Attached to the application is the appellant's affidavit swearing to the truth of its contents. The court did not inquire as to appellant's work record after he made bail. Further, even if appellant's assets did increase during the brief time between payment of bail and trial, clearly his ability to pay a fine in the immediate future was seriously curtailed by the imposition of a prison term. Thus, the only information within the judge's knowledge was that available in appellant's original application for counsel.

Further, apparently the court thought that the appellant had filed a false affidavit when he applied for appointment of counsel. The remedy for such an act is not to fine the criminal defendant. Rather, the Public Defender Act provides a specific remedy: "(a) False affidavits and false statements made by any person for the purpose of securing counsel or services under the provisions of this act shall subject the persons making such false affidavits or statements to the penalties prescribed by law for perjury. (b) *Any person who has been convicted of making a false affidavit or false statement for the purpose of securing counsel or services under the act shall make restitution as the court shall determine* to the county and the Commonwealth of Pennsylvania of all moneys paid on the basis of the false affiidavit or false statement." §9960.8 of the Public Defender Act, supra. (Emphasis added). The legislature built into the Act procedural safeguards before restitution could be ordered. Such safeguards are consistent with the high value our society places on representation by counsel of the criminally accused. The lower court's "fine" was a thinly veiled effort to bypass the statutory remedy for falsely acquired legal services.

Therefore, we vacate that portion of the judgment of sentence wherein the appellant is ordered to pay a fine of $5,000.00.

WATKINS, P. J., and JACOBS, J., dissent.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.