J. S44034/19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
                   v.              :
                                        :
RALPH RICHARD RUPRECHT,        :        No. 333 WDA 2019
                                        :
               Appellant       :

Appeal from the Judgment of Sentence Entered August 23, 2017,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0012197-2016

BEFORE:  SHOGAN, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       FILED OCTOBER 22, 2019

Ralph Richard Reprecht appeals from the August 23, 2017 judgment of sentence entered by the Court of Common Pleas of Allegheny County following appellant's conviction of numerous sexually based offenses. After careful review, we affirm.

On August 23, 2017, appellant entered into a negotiated guilty plea in which he pled guilty to 21 offenses, including, inter alia, one count each of rape, involuntary deviate sexual intercourse ("IDSI"), IDSI person less than 16 years of age, sexual assault, sexual exploitation of children, and statutory sexual assault, and two counts of unlawful contact with a minor – sexual exploitation.[1] Pursuant to the terms of the plea agreement, the trial court

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 3123(a)(7), 3124.1, 6320(a), 3122.1(b), and 6318(a)(6), respectively.

sentenced appellant to an aggregate term of 8-16 years' imprisonment, to be followed by 20 years' probation. Appellant did not file any post-sentence motions, nor did he pursue a direct appeal.

Appellant requested the reinstatement of his rights to file a post-sentence motion and direct appeal, which the trial court granted on September 24, 2018. On October 3, 2018, appellant filed a motion to modify/reduce sentence or, in the alternative, a motion to withdraw his guilty plea, alleging the plea was not knowingly, intelligently, or voluntarily made. The trial court denied appellant's post-sentence motions by operation of law on February 15, 2019.

Appellant filed a timely notice of appeal on February 28, 2019. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and appellant timely complied. The trial court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

> [I.] Did the [t]rial [c]ourt err or abuse its discretion in failing to grant [appellant's] motion to withdraw guilty plea in that [appellant] was under duress at the time of the plea and the [trial c]ourt specifically failed to inform [appellant] of the fines he would face upon pleading guilty, thereby rendering the plea unknowing, involuntary and unintelligent, and the failure to allow for the plea to be withdrawn has resulted in a manifest injustice[?]
>
> [II.] Did the [t]rial [c]ourt err or abuse its discretion in failing to grant [appellant's] motion for modification or reduction of sentence where the

> sentence imposed was manifestly excessive and an abuse of discretion and additionally, the [t]rial [c]ourt failed to make a meaningful inquiry into the factors set forth in 42 Pa.C.S.A. § 9721, et seq[?]

Appellant's brief at 7.[2]

In his first issue, appellant contends that his guilty plea was not entered into voluntarily, knowingly, or intelligently because he was not informed that he would be liable for court costs prior to the entry of his guilty plea. (Id. at 23.)

"The decision to grant or deny a motion to withdraw a guilty plea rests with the trial court's discretion, and we will not disturb the court's decision on such motion unless the court abused that discretion." Commonwealth v. Gordy, 73 A.3d 620, 624 (Pa.Super. 2013), appeal denied, 87 A.3d 318 (Pa. 2014), citing Commonwealth v. Miller, 748 A.2d 733, 735 (Pa.Super. 2000).

> "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." Commonwealth v. Pantalion, 957 A.2d 1267, 1271 (Pa.Super. 2008) (citation omitted). A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently. Id.

Commonwealth v. Yeomans, 24 A.3d 1044, 1046 (Pa.Super. 2011). Indeed, the Pennsylvania Rules of Criminal Procedure require that guilty pleas

---

[2] For ease of discussion, we have re-ordered appellant's statement of questions involved.

be taken in open court and that the trial court determine that, inter alia, "the defendant is aware of the permissible range of sentences and/or fines for the offenses charged[.]" Pa.R.Crim.P. 590, Comment.

> This court has further summarized:
>
> > In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.
>
> [Commonwealth v.] Fluharty, 632 A.2d [312] 314-315 [(Pa.Super. 1993)] (citation omitted).
>
> Finally, we apply the following when addressing an appellate challenge to the validity of a guilty plea:
>
> > Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
> >
> > * * *
>
> Commonwealth v. Pollard, 832 A.2d 517, [523 (Pa.Super. 2003)] (citations omitted).

Yeomans, 24 A.3d at 1047.

Throughout his argument, appellant appears to be equating the imposition of fines with the imposition of costs. We find that appellant has drawn a false equivalency.

> Often following a criminal conviction, the trial court places a monetary imposition on the defendant. The imposition of costs and restitution are not considered punishment. Both costs and restitution are designed to have the defendant make the government and the victim whole. Restitution compensates the victim for his loss and rehabilitates the defendant by impressing upon him that his criminal conduct caused the victim's loss and he is responsible to repair that loss. See Commonwealth v. Runion, [] 662 A.2d 617, 618 ([Pa.] 1995). Costs are a reimbursement to the government for the expenses associated with the criminal prosecution. See, e.g., United States v. Monsanto Co., 858 F.2d 160 (4th Cir. 1988). Costs and restitution are akin to collateral consequences. Conversely, fines are considered direct consequences and, therefore, punishment. See Parry [v. Rosemeyer], 64 F.3d [110] at 114 [(3d Cir. 1995)] (quoting [United States v.] Salmon, 944 F.2d [1106] at 1130 [(3d Cir. 1991)]); see also Commonwealth v. Martin, [] 335 A.2d 424 ([Pa.Super.] 1975) (requiring an indigent to pay a $5,000.00 fine was per se manifestly excessive and constituted too severe [a] punishment). The [General Assembly] authorized fines for all offenses and intended to relate the amount of the fine to the gravity of the offense. See 18 Pa.C.S.A. § 1101 . . .
>
> Historically, fines are punishment. A fine is a monetary amount equal to the severity of the crime and has been used to ensure that a person does not receive a pecuniary gain from the offense.

Commonwealth v. Rivera, 95 A.3d 913, 916 (Pa.Super. 2014) (emphasis added), quoting Commonwealth v. Wall, 867 A.2d 578, 583 (Pa.Super. 2005). This court has also previously stated that a defendant's not being

informed of the potential collateral consequences of a guilty plea does not undermine the validity of the guilty plea. Commonwealth v. Brown, 680 A.2d 884, 887 (Pa.Super. 1996), appeal denied, 689 A.2d 230 (Pa. 1997).

Here, the record reflects that the trial court ascertained that appellant was aware of the permissible range of sentences for the offenses to which he pled guilty. (See notes of testimony, 8/23/17 at 5-15.) Accordingly, we find that the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea.[3]

In his second issue, appellant challenges the discretionary aspects of his sentence. Specifically, appellant claims that his sentence was manifestly excessive. As noted above, the trial court sentenced appellant to 8-16 years' imprisonment, followed by 20 years' probation, pursuant to the terms of a negotiated guilty plea agreement.

The entry of a guilty plea is tantamount to the waiver of any issues on appeal with the exception of challenges pertaining to the jurisdiction of the court, the validity of the guilty plea, and the legality of the sentence. Commonwealth v. Tareila, 895 A.2d 1266, 1267 (Pa.Super. 2006), citing

---

[3] In his statement of questions presented, appellant also averred that he was under duress at the time he entered into his guilty plea. (Appellant's brief at 7.) Appellant failed to include any discussion in his brief as to how he was under duress at the time he entered into the guilty plea, therefore, any claim relating to duress is waived on appeal. See Commonwealth v. Freeman, 128 A.3d 1231, 1249 (Pa.Super. 2015); Pa.R.A.P. 2119 (holding that failure to develop an argument in an appellate brief may result in waiver of the claim on appeal).

Commonwealth v. Messmer, 863 A.2d 567, 571 (Pa.Super. 2004). "Where[, as here,] the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." Commonwealth v. Reichle, 589 A.2d 1140, 1141 (Pa.Super. 1991).

In his second issue, appellant does not challenge the legality of his sentence; rather, his claim solely addresses the discretionary aspects of his sentence. (See appellant's brief at 17-22.) Pursuant to our holding in Reichle, we do not have authority to review the discretionary aspects of appellant's sentence.

Judgment of sentence affirmed.


Shogan, J. joins this Memorandum.

McLaughlin, J. concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2019