J-S48013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHAMYRE LEGETTE :
:
Appellant : No. 1045 EDA 2020

Appeal from the Judgment of Sentence Entered February 20, 2020,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0005880-2019.

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED APRIL 15, 2021**

Shamyre Legette appeals from the judgment of sentence imposed following his conviction for retail theft.[1] We affirm.

The trial court set forth the relevant factual and procedural history as follows:

On July 9, 2019, [Legette] was charged with the crimes of retail theft and receiving stolen property. [Legette] entered a plea of guilty for the count of retail theft before the court on February 20, 2020 and this court granted the district attorney's motion to *nolle pros* the remaining count. During the guilty plea hearing, the Commonwealth described the terms of the parties' plea agreement. Upon inquiry by the court, [Legette's] counsel asserted that the terms described were consistent with their understanding of the agreed-upon terms.

On that same day, this court issued an order accepting the terms of the plea agreement. In accordance with those terms, [Legette] was sentenced to probation for three years under the

_____

[1] **See** 18 Pa.C.S.A. § 3929.

supervision of Montgomery County Adult Probation/Parole Department (the Department). [Legette] was also sentenced to pay the costs of prosecution, complete 24 hours of community service within 12 months, and to stay away from Rite Aid. This court further ordered that [Legette] comply with any special conditions of probation imposed by the Department and to pay the monthly offender supervision fee.

[Legette] filed a motion to waive costs of prosecution due to [Legette's] inability to pay on February 24, 2020. The trial court denied that motion on February 25, 2020. On April 7, 2020, [Legette] filed an appeal with the Superior Court. On the same day, [Legette] filed with the trial court a motion to proceed *in forma pauperis,* which this court immediately granted. In response to this court's April 24, 2020 order requesting a concise statement pursuant to Pa.R.A.P. 1925(b), [Legette] submitted the concise statement on June 15, 2020. [This court then filed an opinion pursuant to Pa.R.A.P. 1925(a).]

Trial Court Opinion, 7/16/20, at unnumbered 1-2 (unnecessary capitalization and references to the record omitted).

Legette raises the following issue for our review: "Did the sentencing court err in imposing costs of prosecution on an indigent person absent consideration of their financial means?" Legette's Brief at 2.

Legette's claim challenges the sentencing court's authority to impose costs as part of its sentencing order; therefore, it implicates the legality of his sentence. *See Commonwealth v. Lehman*, 201 A.3d 1279, 1283 (Pa. Super. 2019), *affirmed*, 243 A.3d 7 (Pa. 2020). "Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. White*, 193 A.3d 977, 985 (Pa. Super. 2018) (citing *Commonwealth v. Cardwell*, 105 A.3d 748, 750 (Pa. Super. 2014)).

The Judiciary Code requires a trial court to order a convicted defendant to pay costs pursuant to 42 Pa.C.S.A. § 9721(c.1), which provides:

> Mandatory payment of costs.—Notwithstanding the provisions of section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the alternatives set forth in subsection (a), **the court shall order the defendant to pay costs**.  In the event the court fails to issue an order for costs pursuant to section 9728, **costs shall be imposed upon the defendant under this section**.  **No court order shall be necessary for the defendant to incur liability for costs under this section**.  The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. 706(C) (relating to fines or costs).

42 Pa.C.S.A. § 9721(c.1) (emphasis added).

Rule 706 of the Pennsylvania Rules of Criminal Procedure require a trial court to determine a defendant's ability to pay costs or fines before incarcerating a defendant for non-payment.  The Rule provides:

> (A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.
>
> (B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.
>
> (C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

(D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706.

Legette contends that Pennsylvania statutes and the Rules of Criminal Procedure require that the sentencing court consider a defendant's ability to pay prior to imposing costs, and that such costs should be waived where a client is indigent. Legette points to Rule 706(C), and argues that this provision mandates that a court determine the defendant's ability to pay costs at the time of sentencing.

In support of his argument, Legette relies on cases involving the imposition of **fines** rather than the costs of prosecution. **See Commonwealth v. Martin**, 335 A.2d 424 (Pa. Super. 1975) (interpreting Pa.R.Crim.P. 1407, and finding a $5,000 fine excessive where defendant was declared indigent); **Commonwealth v. Mead**, 446 A.2d 971 (Pa. Super. 1982) (interpreting 42 Pa.C.S.A. § 9726(c), and vacating a $5,000 fine imposed where court did not determine defendant's ability to pay).

Legette acknowledges this Court's decisions in ***Commonwealth v. Hernandez***, 917 A.2d 332 (Pa. Super. 2007); and ***Commonwealth v. Childs***, 63 A.3d 323 (Pa. Super. 2013), wherein this Court determined that Rule 706 requires only that the sentencing court determine the defendant's ability to pay costs before ordering incarceration of the defendant for nonpayment of costs. In ***Childs***, we explained

> Generally, a defendant is not entitled to a pre-sentencing hearing on his or her ability to pay costs. ***Commonwealth v. Hernandez***, . . . 917 A.2d 332, 336-37 (Pa. Super. 2007). While Rule 706 "permits a defendant to demonstrate financial inability either after a default hearing or when costs are initially ordered to be paid in installments," the Rule only ***requires*** such a hearing prior to any order directing incarceration for failure to pay the ordered costs. ***Id***. at 337 (emphasis added). In ***Hernandez***, we were required to determine whether Rule 706 was constitutional in light of ***Fuller v. Oregon***, 417 U.S. 40, 94 S. Ct. 2116, 40 L. Ed. 2d 642 (1974). We concluded that a hearing on ability to pay is not required at the time that costs are imposed:
>
>> The Supreme Court . . . did not state that ***Fuller*** requires a trial court to assess the defendant's financial ability to make payment at the time of sentencing. In interpreting ***Fuller***, numerous federal and state jurisdictions have held that it is not constitutionally necessary to have a determination of the defendant's ability to pay prior to or at the judgment of sentence. . . . [We] conclude that ***Fuller*** compels a trial court only to make a determination of an indigent defendant's ability to render payment before he/she is committed.
>
> ***Hernandez***, 917 A.2d at 337.

***Childs***, 63 A.3d at 326. Legette dismisses our ruling in ***Hernandez*** as "flawed dicta" and our ruling in ***Childs*** as the "misguided repetition of dicta." Legette's Brief at 5.

Legette also acknowledges our Supreme Court's decision in *Commonwealth v. Ford*, 217 A.3d 824 (Pa. 2019), which addressed whether the ability-to-pay prerequisite is satisfied when a defendant agrees to pay a given fine as part of a negotiated guilty plea agreement. In a footnote, our High Court cited to Rule 706 and reiterated that "[a]lthough a presentence ability-to-pay hearing is not required when costs alone are imposed, our Rules of Criminal Procedure provide that a defendant cannot be committed to prison for failure to pay a fine or costs unless the court first determines that he or she has the financial means to pay the fine or costs. Pa.R.Crim.P. 706(A)." *Id.* at 827 n.6.

Legette dismisses this statement in *Ford* as "non-binding dicta" and "an unfortunate comment on an issue that was not essential to the case." Legette's Brief at 6. Legette argues that *Ford* did not reach the issue of costs, nor did it include any analysis of Rule 706(C) in relation to 42 Pa.C.S.A. §§ 9721(c.1) and 9728(b.2).[2] Legette contends that those statutes demonstrate

---

[2] Section 9728(b.2) provides as follows: "The clerk of courts, in consultation with other appropriate governmental agencies, may transmit to the prothonotary of the respective county certified copies of all judgments for restitution, reparation, fees, costs, fines and penalties which, in the aggregate, do not exceed $ 1,000, and, if so transmitted, it shall be the duty of each prothonotary to enter and docket the same of record in his office and to index the same as judgments are indexed, without requiring the payment of costs as a condition precedent to the entry thereof." 42 Pa.C.S.A. § 9728(b.2).

that sentencing courts retain discretion to waive costs at sentencing as provided by Rule 706(C).

Legette maintains that there are no mandatory costs if a court determines that a defendant cannot afford to pay. Legette asserts that he is indigent and currently receives the services of the public defender. Legette argues that, because the sentencing court did not make an ability-to-pay determination, the case should be remanded for a new determination on the imposition of costs of prosecution that takes into account Legette's indigent status.

We are not persuaded by Legette's argument. Rule 706(C) does not provide a timeframe in which an ability-to-pay determination must be made, let alone specify that such a determination must be made at the time of sentencing. Instead, the timing for such a determination is set forth in Rule 706(A), which requires the determination to be made before the court may "commit the defendant to prison for failure to pay a fine or costs." Pa.R.Crim.P. 706(A).

As this Court recently confirmed in **Commonwealth v. Lopez**, 2021 PA Super 51 (filed March 23, 2021) (*en banc*), the Pennsylvania Rules of Criminal Procedure, Sentencing Code and established Pennsylvania case law afford the trial court the discretion as to whether to hold an ability-to-pay hearing at the time of sentencing. The court must only hold a hearing before incarcerating a defendant for failing to pay any costs imposed. **See Lopez**, at **13-14

(explaining, "unless and until a defendant is in peril of going to prison for failing to pay the costs imposed on him. It is only at that point that the mandate for an ability-to-pay hearing arises").

Here, Legette is not being threatened with incarceration due to his inability to pay the costs of prosecution imposed at his sentencing. Thus, he was not entitled to an ability-to-pay hearing at that time. For this reason, the trial court did not err in failing to conduct such a hearing prior to dismissing his motion to waive those costs.

As Legette's sole issue on appeal merits no relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 4/15/2021*