J-S05018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARISSA HUNSBERGER | : | |
| | : | |
| Appellant | : | No. 979 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 20, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0005601-2018

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY LAZARUS, J.:                    Filed: April 22, 2021

Marissa Hunsberger appeals from the judgment of sentence, imposed in the Court of Common Pleas of Montgomery County, after she entered a negotiated guilty plea, without verdict,[1] to possession of drug paraphernalia. In accordance with the plea agreement, the trial court sentenced Hunsberger to three months of probation and ordered her to pay costs of prosecution. Hunsberger filed a post-sentence motion seeking relief from the imposition of costs, which the trial court denied on February 25, 2020 without a hearing.

---

[1] ***See*** 35 P.S. § 780-117 (court may place person on probation without verdict if person pleads *nolo contendere* or guilty to any nonviolent offense under Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§ 780-101-780-144, and person proves he is drug dependent).

On April 7, 2020, Hunsberger filed a notice of appeal to this Court.[2] Both Hunsberger and the trial court have complied with Pa.R.A.P. 1925. Hunsberger's sole claim on appeal challenges the trial court's imposition of the costs of prosecution without first holding a hearing to consider her ability, as an indigent person, to pay those costs. She is entitled to no relief.

On March 23, 2021, this Court issued its decision in **Commonwealth v. Lopez**, _ A.3d _, 1313 EDA 2018 (Pa. Super. 2021) (en banc). Like Hunsberger, Lopez challenged the trial court's imposition of mandatory court costs without first holding a hearing to determine his ability to pay, asserting that such a hearing is required under Pa.R.Crim.P. 706(c)[3] and

_____

[2] Due to the statewide judicial emergency declared as a result of the COVID-19 pandemic, all notices of appeal due to be filed between March 19, 2020, and May 8, 2020, are deemed to have been timely filed if they were filed by close of business on May 11, 2020. **See In Re: General Statewide Judicial Emergency**, Nos. 531 and 532 Judicial Administrative Docket, at 5, Section III (Pa. filed April 28, 2020). Here, Hunsberger's notice of appeal was due on or before March 29, 2020 and, thus, was tolled by the order of the Supreme Court. Accordingly, we consider her notice of appeal, filed on April 7, 2020, timely filed.

[3] Rule 706 provides:

> (A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.

> (B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the

*Commonwealth v. Martin*, 335 A.2d 424 (Pa. Super. 1975) (en banc) (holding court must hold ability-to-pay hearing when imposing fine), as well as sections 9721(c.1) and 9728(b.2) of the Sentencing Code.[4] *See* 42 Pa.C.S.A. §§ 9721(c.1) and 9728(b.2).

In rejecting Lopez's claim, this Court concluded that "[w]hen the sections of Rule 706 are read sequentially and as a whole, as the rules of statutory construction direct, it becomes clear that [s]ection C only requires a

> financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.
>
> (C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.
>
> (D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706.

[4] Sections 9721(c.1) and 9728(b.2) of the Sentencing Code make the payment of costs by a defendant mandatory even in the absence of a court order requiring such payment unless, in the exercise of its discretion, the court determines otherwise pursuant to Rule 706(C).

trial court to determine a defendant's ability to pay at a hearing that occurs prior to incarceration, as referenced in [s]ections A and B." **Lopez**, **supra** at 5. While the trial court maintains the discretion to conduct an ability-to-pay hearing prior to imposing costs, "nothing in the Rules of Criminal Procedure, the Sentencing Code[,] or established case law takes that discretion away from the trial court unless and until a defendant is in peril of going to prison for failing to pay the costs imposed on him." **Id.** at 11. Accordingly, Hunsberger is entitled to no relief.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: *4/22/21*