**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FREDERICK BERGER III, | : | |
| | : | |
| Appellant | : | No. 1067 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 6, 2019
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002040-2018

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:            Filed: April 22, 2021

Frederick Berger, III ("Berger"), appeals from the judgment of sentence imposed following his convictions of possession of a controlled substance, possession of drug paraphernalia, and public drunkenness.[1] We affirm.

On January 18, 2018, Souderton Borough Police Officer Adam Moore ("Officer Moore") was dispatched to the corner of North Fourth Street and East Summit Street in Souderton, Pennsylvania, regarding reports of a possibly intoxicated man. The man was reportedly disheveled and yelling incoherently near a group of children, who were waiting for a school bus. Officer Moore arrived at the aforementioned location, and observed Berger lying, unresponsive, on the steps of a home's front porch. Berger exhibited signs of intoxication, including a disoriented demeanor and an inability to respond to

---

[1] 35 P.S. § 780-113(a)(16), (a)(32); 18 Pa.C.S.A. § 5505.

questions.  Officer Moore arrested Berger on a charge of public drunkenness. Pursuant to a search incident to arrest, Officer Moore discovered blue packets, one of which tested positive for fentanyl, some loose pills, and two one-dollar bills rolled up in the form of a straw.  Berger was subsequently charged with, *inter alia*, the above-mentioned crimes.

On March 22, 2018, Berger failed to appear for his preliminary hearing, and the trial court issued a bench warrant for his arrest.  On August 9, 2018, following Berger's arrest pursuant to the bench warrant, Berger appeared for a video conference and waived his right to appear for an arraignment.

On September 28, 2018, Berger appeared for his pre-trial conference and was granted a continuance in order to obtain counsel.  On November 29, 2018, Berger appeared for his continued pre-trial conference, and was again granted a continuance in order to obtain counsel.  On January 16, 2019, Berger appeared for his second continued pre-trial conference, accompanied by an assistant public defender, Julia Lucas, Esquire ("Attorney Lucas"). Attorney Lucas stated that Berger had applied for representation with the Public Defender's office, but had not completed the paperwork necessary to qualify.  Berger advised the trial court that he was unable to verify his income, and that he intended to represent himself.  The trial court placed Berger's case on the trial list, and advised Berger to reconsider representing himself.

On February 11, 2019, Attorney Lucas appeared on Berger's behalf, and advised the trial court that Berger was still in the process of applying for

representation with the Public Defender's office, and that although Attorney Lucas believed that Berger would qualify, Berger wished to "have a *pro se* bench trial." N.T., 2/11/19, at 3. Attorney Lucas also advised the trial court that she could serve as standby counsel, should Berger wish to proceed *pro se*. The trial court scheduled the case for a bench trial.

On March 6, 2019, Berger appeared, *pro se,* for trial, having failed to complete the paperwork to qualify for a public defender. Nonetheless, the trial court appointed Attorney Lucas to represent him, in the event that Berger still wanted representation, and held a brief recess for Berger to meet with Attorney Lucas and decide whether he wanted to proceed to trial represented by counsel or *pro s*e.

Following the recess, Berger made an oral Motion for a continuance on the grounds that he was not "mentally capable of proceeding." N.T., 3/6/19, at 7. Berger testified that he had "been going through extensive ADHD and bipolar [and] other issues." *Id.* at 8. Berger stated that he had a psychiatric appointment scheduled for that afternoon. *Id.* Berger further represented to the court, "I'm not connecting the dots right now in my head. I'm having issues. And like I said -- I feel as though, if I'm medicated, I'll be able to further adapt to what's going on right now." *Id.* at 8-9.

The trial court denied Berger's Motion for a continuance, stating that, given Berger's multiple continuances to obtain an attorney, it found Berger's statements regarding his mental issues to be incredible, and simply a delaying

tactic. *Id.* at 9-13. However, the trial court offered Berger the option of a mental health evaluation by the Commonwealth, via revocation of his bail, and incarceration in the Montgomery County Correctional Facility. *Id.* at 12-14. After consulting with Attorney Lucas, Berger agreed to proceed to a bench trial, represented by Attorney Lucas. *Id.* at 14. Pursuant to a waiver of his right to a jury trial, Berger informed the court that he was not suffering from any mental health issues that would interfere with his ability to understand the trial proceedings and his rights, and that he was clear-minded. *Id.* at 15.

Following a bench trial, the trial court found Berger guilty of the above-mentioned charges. Berger waived his right to a pre-sentence investigation report, and accepted a negotiated sentence of time served to twelve months in the Montgomery County Correctional Facility, followed by one year of probation, and court costs. Berger filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Berger raises the following questions for our review:

1. Did the trial court err in denying [] Berger's request for a continuance?

2. Did the trial court err in assigning costs absent a determination of [] Berger's ability to pay?

Brief for Appellant at 2.

In his first claim, Berger alleges that the trial court abused its discretion in denying his Motion for a continuance. *Id.* at 11-14. Berger claims that at

- 4 -

some time prior to the date of his trial, he recognized that he was "having difficulty with his mental processing," and he had scheduled a psychiatric appointment for the day set for his trial. *Id.* at 12. Berger argues that he should have been granted a continuance so that he could have met with a psychiatrist and been prescribed medication to address his mental health issues, prior to proceeding to trial. *Id.* Berger argues that he had regularly appeared for his court hearings, and his limited continuance requests were justified based on his difficulty in securing the services of the Public Defender's office. *Id.* Berger argues that he was prejudiced because his decision-making skills were impaired when he waived his constitutional rights and during his trial. *Id.* at 13.

> Appellate review of a trial court's continuance decision is deferential. The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.
>
> ….
>
> This Court has observed that trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons.

*Commonwealth v. Norton*, 144 A.3d 139, 143 (Pa. Super. 2016) (citations, quotation marks and brackets omitted).

Pennsylvania Rule of Criminal Procedure 106 states, in relevant part, as follows:

(A) The court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party.

….

(D) A motion for continuance on behalf of the defendant shall be made **not later than 48 hours before the time set for the proceeding.** A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

Pa.R.Crim.P. 106 (emphasis added).

Here, Berger presented his Motion for a continuance minutes before his trial was scheduled to begin. *See* N.T., 3/6/19, at 7. Berger did not indicate that his mental issues were unknown until the day of trial. *See id.* at 7-15; Pa.R.Crim.P. 106(D). Indeed, Berger represented that he had scheduled an appointment, but did not state that he had scheduled this appointment less than 48 hours before the time of his trial. *Id.* at 8. Moreover, Berger informed the court that he had not suffered from any mental illness for years; he produced no evidence that he was suffering from mental illness at that time or that he had a scheduled appointment with a psychiatrist; and he had been granted multiple continuances previously in order to secure counsel. *Id.* at 9, 11. Furthermore, the trial court found that Berger appeared of sound mind, understood the nature of the proceedings and was competent to proceed; Berger declined the trial court's offer to have a mental health examination

conducted by the Commonwealth; and Berger testified that he was "clear-minded," and did not have any mental health issues that interfered with his ability to "understand what's happening." **Id.** at 13, 14, 15. Accordingly, we conclude that the trial court did not abuse its discretion in denying Berger's Motion for a continuance. **See** Pa.R.Crim.P. 106; **Norton**, **supra**.

In his second claim, Berger alleges that the trial court imposed an illegal sentence when it ordered him to pay court costs without first considering his ability to pay. **See** Brief for Appellant at 14-19. Berger argues that Pa.R.Crim.P. 706(c) requires a trial court to consider at sentencing a defendant's ability to pay fines. **Id.** at 14-15. Berger acknowledges this Court's holdings in **Commonwealth v. Hernandez**, 917 A.2d 332 (Pa. Super. 2007) (stating that Rule 706 requires that a trial court determine a defendant's ability to pay court costs prior to incarcerating him for failing to pay said costs, not prior to sentencing), and **Commonwealth v. Childs**, 63 A.3d 323 (Pa. Super. 2013) (same). Brief for Appellant at 15-16. However, Berger argues that the **Hernandez** and **Childs** Courts failed to address this Court's prior decisions in **Commonwealth v. Martin**, 335 A.2d 424 (Pa. Super. 1975), and **Commonwealth v. Mead**, 446 A.2d 971 (Pa. Super. 1982), and that the **Hernandez** and **Childs** holdings are based on flawed reasoning. Brief for Appellant at 15-16. Berger asks that we "revisit the history and intent of Rule 706(c)" and effectively overrule our precedent set in **Hernandez** and **Childs**. **Id.** at 15-19.

"When the legality of a sentence is at issue on appeal, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Mendozajr**, 71 A.3d 1023, 1027 (Pa. Super. 2013) (citation and quotation marks omitted). "An illegal sentence must be vacated." **Commonwealth v. Mears**, 972 A.2d 1210, 1211 (Pa. Super. 2009) (citation omitted).

This Court recently decided this issue in an *en banc* Opinion, which was filed on March 23, 2021. **See Commonwealth v. Lopez**, 2021 PA Super 51 (filed March 23, 2021) (*en banc*). In **Lopez**, Alexis Lopez ("Lopez") pled guilty to intent to deliver a controlled substance. **Id.** at *1. The trial court sentenced Lopez to 11½ to 23 months in prison, followed by three years of probation. **Id.** At some point, Lopez was released on parole, and subsequently violated the terms of his parole. **Id.** Prior to the resentencing hearing, Lopez filed a "Motion for Ability-to-Pay Hearing at Sentencing to Waive Costs," "in which he argued that the trial court was required to hold a hearing on his ability to pay before the court could impose mandatory court costs." **Id.** Like Berger, Lopez relied on Pa.R.Crim.P. 706 and **Martin**, 335 A.2d 424, in support of his claim. **Id.** Following a hearing, the trial court denied the Motion, stating that it was not required to hold an ability-to-pay hearing prior to sentencing, in accordance with this Court's decision in **Childs**, 63 A.3d 324. **Lopez**, 2021 PA Super 51 at *1. The trial court subsequently resentenced Lopez to 6 to 23 months in prison, followed by 2 years of probation, and $1,695.94 in mandatory court costs. **Id.**

On appeal, this Court reviewed Rule 706, **Childs**, and **Martin**, and determined that Rule 706 only requires that the trial court hold an ability-to-pay hearing before a defendant is incarcerated for failure to pay said fines, and not before imposing court costs as a part of sentencing. **Lopez**, 2021 PA Super 51 at *5. Specifically, this Court concluded that **Martin** was inapplicable because it involved whether the trial court could impose *fines* upon the defendant without considering the defendant's ability to pay, not court costs. **Id.** This Court "reaffirm[ed] **Childs**' holding that a defendant is not entitled to an ability-to-pay hearing before a court imposes court costs at sentencing." **Id.**

Here, the trial court imposed court costs at sentencing, and has not incarcerated Berger for failing to pay costs. Because the trial court was not required to make an ability-to-pay determination prior to sentencing Berger to pay court costs, Berger's sentence legality claim fails. **See Lopez**, **supra**.

Judgment of sentence affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: <u>4/22/21</u>