J-S50035-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| TAMBER THORNTON, | : : | |
| Appellant | : | No. 1084 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007441-2019

BEFORE:    BENDER, P.J.E., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY BENDER, P.J.E.:                      Filed: April 30, 2021

Tamber Thornton (Appellant) appeals from the February 21, 2020 judgment of sentence of 30 days of probation without verdict,[1] plus the costs of prosecution, imposed following her plea of guilty to one count of possession of a small amount of marijuana.[2]  We affirm.

By way of background, Appellant entered a plea on February 21, 2020. As part of the plea, the trial court granted the Commonwealth's motion to *nolle pros* one count of possession of drug paraphernalia.  During the oral

---

[1] A trial "court may place a person on probation without verdict if the person pleads [] guilty to any nonviolent offense under [the Controlled Substance, Drug, Device and Cosmetic Act] and the person proves he is drug dependent." 35 P.S. § 780-117.  "Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him."  *Id.* at (3).

[2] 35 P.S. § 780-113(a)(31)(i).

*Retired Senior Judge assigned to the Superior Court.

colloquy, Appellant answered affirmatively when counsel asked if the imposition of costs "would be an issue." N.T., 2/21/2020, at 7. The trial court nonetheless imposed the costs of prosecution, but referred Appellant to the probation department to discuss any payment issues, and the probation department would then notify the court. *See id.* at 7-9. On February 24, 2020, Appellant filed a motion to waive the costs of prosecution due to her inability to pay. By order dated February 25, 2020, and filed February 27, 2020, the trial court denied Appellant's motion.

On April 8, 2020, Appellant filed a notice of appeal.[3] On May 6, 2020, the trial court entered an order directing Appellant to file a concise statement within 21 days of the entry of the order. Appellant untimely filed her concise statement on June 15, 2020. Because the trial court addressed the claims

---

[3] Appellant's notice of appeal was facially untimely. However, on March 16, 2020, our Supreme Court issued an order providing that "President Judges of the Superior Court ... are authorized ... [t]o suspend time calculations for the purposes of time computation relevant to court cases or other judicial business, as well as time deadlines, subject to constitutional restrictions[.]" *In re: General Statewide Judicial Emergency – Authorization for Superior Court and Commonwealth Court*, 228 A.3d 1281 (Pa. 2020). In its subsequent orders, the Supreme Court, *inter alia*, generally suspended "all time calculations for purposes of time computation relevant to court cases or other judicial business, as well as time deadlines." *In re: General Statewide Judicial Emergency*, 228 A.3d 1283 (Pa. 2020). On April 28, 2020, the Supreme Court further ordered that "legal papers or pleadings (other than commencement of actions where statutes of limitations may be in issue) which are required to be filed between March 19, 2020, and May 8, 2020, generally shall be deemed to have been filed timely if they are filed by close of business on May 11, 2020." *In re: General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. 2020) (emphasis omitted). Based on the foregoing, we conclude that Appellant's notice of appeal was timely filed.

raised in Appellant's concise statement in its Rule 1925(a) opinion, we decline to find waiver. **See Commonwealth v. Brown**, 145 A.3d 184, 186 (Pa. Super. 2016) ("[W]here the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits.").

On appeal, Appellant presents a single issue for our review: "Did the sentencing court err in imposing costs of prosecution on an indigent person absent consideration of their financial means and declining to consider defense counsel's motion on the same?" Appellant's Brief at 2.

The trial court relied on this Court's decision in **Commonwealth v. Childs**, 263 A.3d 323 (Pa. Super. 2013), which held that defendants are not entitled to pre-sentence hearings on the ability to pay costs. **See also Commonwealth v. Hernandez**, 917 A.2d 332, 336-37 (Pa. Super. 2007). Pursuant to **Childs**, the trial court concluded that it was not required to hold an ability-to-pay hearing prior to the imposition of costs or denying Appellant's motion to waive costs. Instead, the trial court found that "Appellant must make an effort to pay the costs [] before th[e trial] court grants a hearing to ascertain her ability to pay." Trial Court Opinion, 7/15/2020, at 3 (unnumbered).

Appellant argues that, based on **Commonwealth v. Martin**, 335 A.2d 424 (Pa. Super. 1975) (*en banc*), and **Commonwealth v. Mead**, 446 A.2d

971 (Pa. Super. 1982), Pa.R.Crim.P. 706(C)[4] applies at sentencing. *Id.* at 4. While Appellant acknowledges this Court's holdings in *Childs* and *Hernandez*, she argues that these "decisions ignore the *en banc* precedent of *Martin* as well as the plain text of [] Rule 706(C)." Appellant's Brief at 4-5.

"This appeal implicates the interpretation of the Rules of Criminal Procedure, which presents a question of law. Therefore, our standard of review is *de novo*, and our scope of review is plenary." *Commonwealth v. Lopez*, ___ A.3d ___, 2021 Pa. Super. 51, *1 (filed March 23, 2021) (*en banc*) (citation omitted).

In reviewing a nearly identical argument to the one made by Appellant herein, this Court "reaffirm[ed] *Childs*' holding that a defendant is not entitled

---

[4] Rule 706 provides in pertinent part as follows.

> (A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.
>
> (B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose….
>
> (C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

Pa.R.Crim.P. 706(A)-(C).

to an ability-to-pay hearing before a court imposes court costs at sentencing."

***Lopez***, 2021 Pa. Super. 51, at *5.

> When the sections of Rule 706 are read sequentially and as a whole, as the rules of statutory construction direct, it becomes clear that Section C only requires a trial court to determine a defendant's ability to pay at a hearing that occurs prior to incarceration, as referenced in Sections A and B.

***Id.*** at *2.

Although the Sentencing Code provides for the mandatory imposition of costs at sentencing and references Rule 706(C), ***see*** 42 Pa.C.S. §§ 9721(c.1), 9728(b.2), this Court held that

> such a reference in no way places an affirmative duty on a sentencing court to hold an ability-to-pay hearing prior to imposing mandatory costs upon a defendant. Rather, when read in the context of the mandate to impose costs, those references merely make it clear that even though the imposition of court costs upon a defendant is mandatory, the defendant remains entitled to an ability-to-pay hearing before being imprisoned for defaulting on those mandatory costs.

***Lopez***, 2021 Pa. Super. 51, at *4. Until that time, it is within the trial court's discretion to conduct such a hearing. ***See id.*** at *5 ("[N]othing in the Rules of Criminal Procedure, the Sentencing Code or established case law takes that discretion away from the trial court unless and until a defendant is in peril of going to prison for failing to pay the costs imposed on him. It is only at that point that the mandate for an ability-to-pay hearing arises.").

Here, Appellant is not being threatened with incarceration for her failure to pay the costs of prosecution. Therefore, nothing has triggered Rule 706(C). Upon review, we conclude the trial court did not abuse its discretion in

declining to hold an ability-to-pay hearing prior to imposing costs at sentencing or prior to denying Appellant's motion to waive costs. ***See id.*** ("Because [Lopez] had not yet been threatened with incarceration as a result of a default, we hold that the trial court did not err by imposing mandatory court costs upon [Lopez] without first holding an ability-to-pay hearing."). Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 4/30/21*