J-S05019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TONI STRUNK | : | |
| | : | |
| Appellant | : | No. 1072 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007314-2019

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 18, 2021**

Toni Strunk appeals from the judgment of sentence, entered in the Court of Common Pleas of Montgomery County, after she entered a negotiated guilty plea to possessing methamphetamine and Clonazepam, controlled substances.[1]

On February 21, 2020, in accordance with the plea agreement, the trial court sentenced Strunk to one year of probation without a verdict,[2] and ordered her to undergo probation and parole intervention and comply with the resultant treatment recommendations, plus a fine of $25, costs of prosecution,

---

[1] 35 P.S. § 780-113(a)(16).

[2] 35 P.S. § 780-117.

and supervision fees.[3]   The court ultimately waived the supervision fees. Strunk filed a post-sentence motion seeking relief from the imposition of fines and costs on February 24, 2020, which the trial court denied on February 25, 2020, without a hearing.  On April 8, 2020, Strunk filed a notice of appeal.[4] Both Strunk and the trial court have complied with Pa.R.A.P. 1925.  Strunk's claim on appeal challenges the trial court's imposition of the costs of prosecution, as well as the non-mandatory fine, without first holding a hearing to consider her ability, as an indigent person, to pay the costs and fine.[5]  After careful review, we affirm Strunk's judgment of sentence, but remand for resentencing because the court failed to ascertain Strunk's present or future ability to pay the non-mandatory fine it imposed.

On March 23, 2021, this Court issued its decision in **_Commonwealth v. Lopez_**, _ A.3d _, 2021 PA Super 51 (Pa. Super. 2021) (en banc).  Like

---

[3] At the guilty plea/sentencing hearing, the court heard evidence of Strunk's financial status and her ability to pay any costs, fines, and fees the court imposed.

[4] Due to the statewide judicial emergency declared as a result of the COVID-19 pandemic, all notices of appeal due to be filed between March 19, 2020 and May 8, 2020, are deemed to have been timely filed if they were filed by close of business on May 11, 2020. **_See In Re:  General Statewide Judicial Emergency_**, Nos. 531 and 532 Judicial Administrative Docket, at 5, Section III (Pa. filed April 28, 2020).  Here, Strunk's notice of appeal was due on or before March 23, 2020, and was, thus, tolled by the order of the Supreme Court.  Accordingly, we consider her notice of appeal, filed on April 8, 2020, timely filed.

[5] By the time she filed her appellate brief, Strunk had amassed a total court debt of $1,127.75.

Strunk, Lopez challenged the trial court's imposition of mandatory court costs without first holding a hearing to determine his ability to pay, asserting that such a hearing is required under Pa.R.Crim.P. 706(c)[6] and ***Commonwealth v. Martin***, 335 A.2d 424 (Pa. Super. 1975) (en banc) (holding court must

---

[6] Rule 706 provides:

(A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.

(B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.

(C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

(D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon[,] the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706.

hold ability-to-pay hearing when imposing fine), as well as sections 9721(c.1) and 9728(b.2) of the Sentencing Code.  **See** 42 Pa.C.S.A. §§ 9721(c.1) and 9728(b.2).[7]

In rejecting Lopez's claim, this Court concluded that "[w]hen the sections of Rule 706 are read sequentially and as a whole, as the rules of statutory construction direct, it becomes clear that [s]ection C only requires a trial court to determine a defendant's ability to pay at a hearing that occurs prior to incarceration, as referenced in [s]ections A and B." **Lopez**, **supra** at *5 (citing **Trust Under Agreement of Taylor**, 164 A.3d 1147, 1155 (Pa. 2017)); 1 Pa.C.S.A. § 1922(2).  While the trial court maintains the discretion to conduct an ability-to-pay hearing prior to imposing costs, "nothing in the Rules of Criminal Procedure, the Sentencing Code[,] or established case law takes that discretion away from the trial court unless and until a defendant is in peril of going to prison for failing to pay the costs imposed on him." **Id.** at *11.  Accordingly, Strunk is entitled to no relief on her claim that the court was required to ascertain her ability to pay the costs of prosecution prior to imposition.

By contrast, Strunk was entitled to the court's inquiry on her ability to pay the non-mandatory $25 fine.  In **Commonwealth v. Snyder**, 2021 PA

---

[7] Sections 9721(c.1) and 9728(b.2) make the payment of costs by a defendant mandatory even in the absence of a court order requiring such payment unless, in the exercise of its discretion, the court determines otherwise pursuant to Rule 706(C).

Super 63 (Pa. Super. filed 4/9/21), this Court, in interpreting the language of 42 Pa.C.S.A. § 9726,[8] found that where the trial court failed to conduct any inquiry into the defendant's ability-to-pay prior to imposing non-mandatory fines, remand for resentencing was required. *Id.* at *21-24. Specifically, the Court held that "[t]rial courts are without authority to impose non-mandatory fines absent record evidence that the defendant is or will be able to pay them." *Id.* at *23 (quoting *Commonwealth v. Ford*, 217 A.3d 824, 829 (Pa. 2019)) (brackets omitted).

Here, there was no record evidence that Strunk is presently or will be able to pay the non-mandatory $25 fine the court imposed. *See Snyder*, *supra*. Indeed, at the guilty plea colloquy, defense counsel elicited the following testimony from Strunk:

Q. And now, Ms. Strunk, it's my understanding that you do not have any source of income at this time?

A. Correct.

_____

[8] Section 9726 authorizes imposition of fines as one of several sentencing alternatives, provided that:

The court shall not sentence a defendant to pay a fine unless it appears of record that:

(1) **the defendant is or will be able to pay the fine**; and

(2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.

42 Pa.C.S.A. § 9726(c) (emphasis added). *See also* 42 Pa.C.S.A. § 9721(a)(5).

Q. And you are also struggling with some housing issues as well as—

A. Yes.

Q. Yes? As well as reuniting with your children?

A. Yes.

Q. So[,] any sort of costs and fines imposed by this [c]ourt is going to be a hardship for you?

A. Yes.

Q. And you have qualified for the public defender services, correct?

A. Yes.

N.T. Guilty Plea/Sentencing Hearing, 2/21/20, at 6-7. Because we conclude from our review of the record that there was no evidence presented in the trial court of Strunk's present or future ability to pay the $25 fine, we are constrained to reverse and remand for resentencing.[9] ***See Snyder***, ***supra***.

Judgment of sentence affirmed in part and reversed in part. Remanded for resentencing consistent with the dictates of this memorandum. Jurisdiction relinquished.

---

[9] Although the court fulfilled its duty to inquire into Strunk's present ability to pay, ***see Snyder***, ***supra*** at *25; 42 Pa.C.S.A. § 9726(c)(1); ***see also*** N.T. Guilty Plea/Sentencing Hearing, 2/21/20, at 6-7, the court was, nevertheless, without authority to impose the $25 fine absent record evidence that Strunk is or will be able to pay it. ***See Snyder***, ***supra*** at *23; ***Ford***, ***supra*** at 829.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2021